No. 13,531.

Whiting *v.* Williams.
(35 P. [2d] 493)

Decided June 25, 1934.

Mr. Charles W. V. Feigel, for plaintiff in error.

Mr. Joseph H. Ross, Mr. Frank L. Hays, for defendant in error.

*In Department.*

Mr. Justice Bouck delivered the opinion of the court.

This is a replevin suit originally instituted in the county court by the defendant in error Williams against Mrs. Whiting, the plaintiff in error. Judgment was rendered against her there and she appealed to the district court, where again verdict and judgment went against her. She asks reversal.

Mrs. Whiting and her husband had sold out their interests in Wisconsin and settled in Colorado not long before the transactions herein mentioned. One R. F. Quinby, represented by his father, George A. Quinby, owned a farm in Boulder county and certain agricultural implements thereon. He made an arrangement with Whiting for the sale of the implements and a lease of the land. The terms were agreed upon, a promissory note for $800 was signed and delivered by both Whitings, a chattel mortgage to secure that note was signed and delivered by Mrs. Whiting covering not only the personalty purchased, but also an automobile and motor truck that were standing in her name. These two motor vehicles are the only property involved in this action. Mrs. Whiting knew, and acquiesced in, all that was going on during the negotiations and the consummation thereof. A small

cash payment had already been made. The Whitings being unable to withdraw certain deposits in a Wisconsin bank wherewith to make additional cash payments, there was a readjustment plainly favoring the Whitings.

The note was payable October 1, 1933. Several months before maturity Williams, the defendant in error, became the legal holder of it. Mrs. Whiting's answer alleged that certain fraudulent representations had been made to procure execution of the note, and that Williams was not a bona fide purchaser for value and therefore could not recover.

Counsel for Mrs. Whiting contends that the testimony of Williams and his witnesses was wilfully false and had misled both the county and district courts. A motion for a new trial was made on this ground and denied by the district court. Judgment was duly entered in favor of Williams on the verdict for the return of the two cars or payment of $250 as their value. Some time after the entry of judgment an application for rehearing of the motion for a new trial was filed, purporting to present by its supporting affidavit certain alleged newly discovered evidence of falsity in the testimony given at the trial on behalf of Williams.

It is said that the alleged newly discovered evidence would prove Williams to have taken the Whiting note with full knowledge of the alleged fraudulent misrepresentations.

Counsel presents a plausible argument in support of Mrs. Whiting's claim of false testimony. However, the evidence presented by the record may well be interpreted without imputing dishonest motives to anyone; it does not indicate more than the usual amount of inaccuracy, nor was any of the errors necessarily intentional or corrupt. After a careful reading of all the testimony, and of all the documents filed or referred to by counsel for Mrs. Whiting, we are not convinced that any wilful misstatement was made by any witness on behalf of Williams. The trial court observed all the witnesses

on the witness stand. This aid to the determination of their credibility and of the weight of their testimony is of immeasurable importance. The district judge approved of the verdict and refused to set it aside. The trial court's decision of the questions of fact is, under a salutary rule, binding upon this court.

Two trials have already been had, and we discover nothing in the record that can properly require another one.

■ We do not mean to approve—by omitting to discuss—the procedure consisting of the mere filing of what purported to be an application for rehearing of the motion for a new trial herein, when that motion had been fully disposed of, and a final judgment and appellate orders had already been entered.

The judgment of the district court was manifestly correct. At the request of both parties, the case, though pending on an application for supersedeas, is hereby disposed of on its merits.

Judgment affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BUTLER concur.